**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 1:04CR60 LG-JMR** |
| | § | |
| **ROBBIE LUCAS WRIGLEY** | § | **CIVIL NO. 1:09CV705** |
| **M.E. THOMPSON, JR.** | § | **CIVIL NO. 1:09CV706** |
| **ROBERT J. LUCAS, JR.** | § | **CIVIL NO. 1:09CV707** |

**MEMORANDUM OPINION AND ORDER DENYING
MOTIONS TO VACATE UNDER 28 U.S.C. § 2255**

BEFORE THE COURT are the Motions under 28 U.S.C. § 2255 to Vacate, Set Aside or

Correct Sentence filed by the three individual defendants in the above-captioned criminal case -

Robert J. Lucas, Robbie Lucas Wrigley, and M.E. Thompson, Jr.  The government has responded

to the Motions, and the defendants have replied.  After due consideration of the issues presented,

the record and the relevant law, it is the Court's opinion that the Motions should be denied.

PROCEDURAL HISTORY

Robert J. Lucas, Jr, Robbie Lucas Wrigley, M.E. Thompson, Jr., and two corporate

defendants were charged in a multi-count indictment that alleged mail fraud (18 U.S.C. § 1341),

Clean Water Act (CWA) offenses (33 U.S.C. § 1319(c)(2)(A)), and conspiracy (18 U.S.C. §

371).  Following a 29-day jury trial, a jury returned guilty verdicts on all counts charged against

the individual defendants.  The Court sentenced defendants Wrigley and Thompson to 87 months

of incarceration, and defendant Lucas to 108 months of incarceration.  Each was also sentenced

to three years of supervised release, a $15,000 fine, and restitution of $1,407,400.  The Court

arrived at the restitution amount by calculating the intended loss to the victims under Section

2B1.1 of the USSG.  In the Court's view, the intended loss was one hundred percent of the value

of the properties as, contrary to the defendants' representations to the victims, the properties could never be developed legally and therefore had no value.

After sentencing, the defendants appealed to the Fifth Circuit Court of Appeals challenging the propriety of the jury's verdict, several trial court rulings, the United States' jurisdiction under the CWA, and this Court's calculation of their sentences under the United States Sentencing Guidelines (USSG). The Fifth Circuit rejected their appeal on all grounds, affirming the jury's verdict and the Court's sentences. *United States v. Lucas*, 516 F.3d 316 (5th Cir. 2008). The defendants then sought certiorari in the Supreme Court. Their petition presented the narrow jurisdictional question of whether the United States' assertion of jurisdiction pursuant to two sections of the CWA was proper. Brief for Petitioner at (i) *Lucas v. United States*, (No. 07-1512), 2008 WL 2310325 at *1. The Supreme Court denied the petition for certiorari on October 6, 2008, *Lucas v. United States*, 129 S. Ct. 116 (2008). The individual defendants timely filed their § 2255 motions on October 5, 2009.

DISCUSSION

The individual defendants have made identical arguments for § 2255 relief in their Motions, which are therefore considered together. They ask that the Court review its loss calculation based on "new" case law established in *United States v. Goss*, 549 F.3d 1013 (5th Cir. 2008) and *United States v. Klein*, 543 F.3d 206 (5th Cir. 2008). According to the defendants, the Court relied on "flawed reasoning" in concluding that the loss to the victims was total. The defendants argue that the Court should have reduced any intended loss calculation by the fair market value of the property in question as required by USSG § 2B1.1, app. n.(3)(D) and § 2F1.1, app. n.8(a).

It is well settled that claims based on alleged miscalculation or misapplication of the sentencing guidelines are not cognizable under 28 U.S.C. § 2255. Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and therefore are not cognizable in § 2255 motions. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Payne*, 99 F.3d 1273 (5th Cir. 1996).

The defendants' argument that the Court incorrectly calculated the intended loss, resulting in an excessive sentence of restitution, was raised on direct appeal but rejected by the Fifth Circuit. *Lucas*, 516 F.3d at 350. Despite the defendants' dissatisfaction with that result, the issue may not be considered once again on collateral review. *United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). And although defendants attempt to define the issue of the Court's loss calculation as one of constitutional magnitude, it plainly concerns application of the relevant Sentencing Guidelines.

Furthermore, after reviewing *Goss* and *Klein*, the Court discerns no departure from precedent concerning loss calculations. In *Goss*, the court stated that "whether to deduct collateral - whether to employ an actual or an intended-loss calculation - will depend upon the specific facts at hand." *Goss*, 549 F.3d at 1018. The court concluded that under the facts of that case, the district court should have conducted a loan-by-loan inquiry, with appropriate deductions for the value of the collateral, to arrive at an actual loss figure. *Id*. at 1019-20. Even then, the district court "obviously[] should not deduct the value of collateral not likely to be recovered." *Id*. at 1019. The similar holding in *United States v. Klein* is likewise fact-driven. *United States*

-3-

v. *Klein*, 543 F.3d 206, 215 (5th Cir. 2008). In view of the facts of this case, the Court would have made the same loss calculations - and the individual defendants' restitution sentences would have been no different - if the Fifth Circuit had decided *Goss* and *Klein* prior to the sentencing hearing. Therefore, considered on its merits, the defendants' argument is unavailing.

CONCLUSION

For the reasons stated above, the Court finds that the Motions of defendants Robert J. Lucas, Robbie Lucas Wrigley, and M.E. Thompson, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

CERTIFICATE OF APPEALABILITY

A final order adverse to the applicants having been filed in the captioned habeas corpus case, in which the detention complained of arises out of process issued by a state court or a proceeding pursuant to 28 U.S.C. § 2255, the court, considering the record in the case and the requirements of 28 U.S.C. § 2253, Rule 22(b) of the Federal Rules of Appellate Procedure, and Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, hereby finds that a Certificate of Appealability should not issue. The applicants have failed to make a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motions of defendants Robert J. Lucas [294], Robbie Lucas Wrigley [290], and M.E. Thompson, Jr. [292], to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, are **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that a Certificate of Appealability is

**DENIED**.

 **SO ORDERED AND ADJUDGED** this the 14th day of July, 2010.


 s/ *Louis Guirola, Jr.*
 LOUIS GUIROLA, JR.
 UNITED STATES DISTRICT JUDGE